UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GLORIA MARIGNY,

                Plaintiff,

v.

DENIS MCDONOUGH and
DEPARTMENT OF VETERAN
AFFAIR AGENCY,

                Defendants.

Case No. 24-CV-1331-JPS

**ORDER**

1. **INTRODUCTION**

In October 2024, Plaintiff Gloria Marigny ("Marigny") filed this action alleging that she was discriminated against on the basis of her race and age and retaliated against for opposing that discrimination, related to her employment with the United States Department of Veterans Affairs ("VA"), of which Denis McDonough is secretary (together, "Defendants"). ECF No. 1. Marigny represents herself and proceeds in forma pauperis. *Id.*; ECF Nos. 3, 4. On November 1, 2024, Magistrate Judge Nancy Joseph screened the complaint and questioned whether Marigny's claims were "barred by either the statute of limitations or by the doctrines of claim and/or issue preclusion," and moreover noted that Marigny needed to demonstrate that she had exhausted her administrative remedies by filing discrimination complaints with the Equal Employment Opportunity Commission ("EEOC"), and presumably had not. ECF No. 4 at 3–4. Magistrate Judge Joseph gave Marigny leave to amend her complaint to address these concerns. *Id.* at 4.

Marigny submitted an amended complaint, ECF No. 5, which Magistrate Judge Joseph screened in her November 14, 2024 Report and Recommendation ("R&R"), ECF No. 6. In the R&R, Magistrate Judge Joseph recommended that Marigny's amended complaint be dismissed without prejudice because Marigny had once again failed to allege that she exhausted administrative remedies with respect to any claims she brought that are not otherwise time-barred. *Id.* The parties were advised that written objections to the R&R, or any part thereof, could be filed within fourteen days of the date of service of the R&R. *Id.* at 3 (citing Gen. L.R. 72(c), 28 U.S.C. § 636(b)(1)(B), and Fed. R. Civ. P. 72(b)). Marigny filed what she styled as two "supplements" to the amended complaint. ECF Nos. 7 and 8. The Court will construe these submissions as her objections to Magistrate Judge Joseph's R&R; understood as such, her objections were timely.[1]

For the reasons explained herein, the Court will overrule Marigny's objections, adopt Magistrate Judge Joseph's R&R, and dismiss this case without prejudice.

## 2. LEGAL STANDARDS

### 2.1 R&R Standard of Review

When reviewing a magistrate judge's recommendation, the Court is obliged to analyze de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The Court may "accept, reject, or modify, in whole or

---

[1] The first filing is not dated but was received on November 14, 2024, the same day that Judge Joseph's R&R issued. ECF No. 7. This filing was technically submitted on time, *see* ECF No. 4 at 4 (giving Marigny fourteen days from November 1, 2024 to file an amended complaint), and could have been considered as part of Marigny's amended complaint. The second filing uses the local amended complaint form and is dated November 19, 2024. ECF No. 8.

in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

### 2.2 Pro Se Screening Standard

When a pro se litigant proceeds without prepayment of the filing fee, the Court must screen the litigant's complaint prior to service on defendants.[2] The Court "shall dismiss the case" if it finds any of the following: the action is frivolous or malicious, the complaint fails to state a claim upon which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)); *see also Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997) (quoting *Neitzke*, 490 U.S. at 325). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

---

[2]Although 28 U.S.C. § 1915(a) specifically references "prisoner" litigants, it has been interpreted as providing authority for such requests by both prisoner and non-prisoner pro se litigants alike. *Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275–76 (6th Cir. 1997), *superseded by rule on other grounds*, Fed. R. App. P. 24, *as explained in Callihan v. Schneider*, 178 F.3d 800 (6th Cir. 1999); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) ("Section 1915(e) applies to all [in forma pauperis] litigants—prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.") (Lay, J., concurring).

*Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)) (internal bracketing omitted). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81 (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Ashcroft*, 556 U.S. at 678) (internal bracketing omitted). A court is obligated to give pro se litigants' allegations a liberal construction. *Kelsay v. Milwaukee Area Tech. Coll.*, 825 F. Supp. 215, 217 (E.D. Wis. 1993) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

3.  **BACKGROUND**

Marigny alleges in the amended complaint that she was discriminated against on the basis of her race (African American) and age (over 40) in her employment at the VA, and that she was retaliated against and ultimately "constructive[ly] discharge[d]" from her job for opposing that discrimination. ECF No. 5 at 2. She does not state the exact nature of

the discriminatory and retaliatory acts that she faced, nor when these acts, her opposition thereto, or the alleged instance(s) of retaliation occurred. *See generally id.*

It appears that Marigny's employment with the VA ended with her resignation about twelve years ago, in September 2012. *Gloria Marigny v. Centene Mgmt. Co. LLC*, Case No. 18-CV-1386-BHL, ECF No. 45-5 at 5 (E.D. Wis. Feb. 13, 2020) (reproducing *Gloria Marigny v. Sec'y, Dept. of Veterans Affs.*, Dep't of Veterans Affs. Office of Empl. Discrimination Complaint Adjudication, Case Nos. 200H-0614-2012100101 & 200H-0614-2012102291, which notes that Marigny "resigned on September 6, 2012").[3] In September 2014, the VA tribunal found her claims of discrimination and retaliation to be without merit and found that her resignation was voluntary and her claim of constructive discharge was similarly meritless. *Id.* at 10–15. That tribunal advised Marigny that she had the right to appeal its decision to the EEOC "[w]ithin 30 days of receipt," or alternatively file a civil action in "an appropriate United States District Court" within 90 to 180 days of her receipt of that decision, depending on whether she had appealed to the EEOC and whether the EEOC issued a decision on that appeal. *Id.* at 16.

Marigny went on to sue the VA twice in the Western District of Tennessee. One case, filed in December 2014, was dismissed with prejudice as a sanction for Marigny's failure to comply with a court order and her discovery obligations. *Marigny v. Dep't of Veterans Affs.*, No. 2:14-cv-03010-JPM-tmp, 2016 WL 3829215 (W.D. Tenn. July 13, 2016). The other case, filed

---

[3]The district court may take judicial notice of "public court documents" such as this one. *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994). The Court includes information from this proceeding and Marigny's other previous cases and administrative adjudications to provide additional context to Marigny's allegations.

in May 2017, was dismissed without prejudice because Marigny's complaint failed to state a claim upon which relief could be granted, and Marigny had failed to obtain a right-to-sue letter from the EEOC. *Marigny v. Dep't of Veterans Affs.*, No. 2:17-cv-02312-JPM-tmp, 2017 WL 3397336 (W.D. Tenn. Aug. 8, 2017), *report and recommendation adopted in part, rejected in part,* 2017 WL 9477759 (W.D. Tenn. May 24, 2017). In both cases, she raised claims of race and age discrimination against the VA, among other claims. *See Marigny*, 2017 WL 9477759, at *1; *Marigny*, 2016 WL 3829215, at *1.

Marigny also raised similar claims in an administrative adjudication before the Merit Systems Protection Board ("MSPB"). *Gloria Marigny v. Dep't of Veterans Affs.*, M.S.P.B. AT-0752-14-0737-I-2 (Nov. 7, 2022), *available at* https://www.mspb.gov/decisions/NonPrecedentialDecSearch.html (search "Gloria Marigny") (last visited Dec. 23, 2024). The MSPB upheld the dismissal of her involuntary resignation appeal for lack of jurisdiction. *Id.* at 7–11. She was instructed that she could request district court or EEOC review of her discrimination claims by filing a notice with the appropriate entity within thirty calendar days of receiving the MSPB's decision. *Id.* at 12–13 (citing 5 U.S.C. §§ 7702(b)(1) and 7703(b)(2)).

In the operative complaint in the present case, Marigny indicates that, because of her opposition to discrimination at the VA, she has been "denied job opportunities" with or terminated from jobs with other employers (Centene, Post Acute Medical, Noah Laboratories, Bria of Trinity, Iris, Symphony of Glendale, and Heritage Assisted Living). ECF No. 5 at 3–4. She states specifically that she was denied job opportunities in October 2017–March 2018, March 2019, and March 2022. *Id.* At another point she states that she has been denied job opportunities for which she

was qualified, and "treated less favorably than other employees," from May 2017 to the "present[,] 2024." *Id.* at 4.

As Magistrate Judge Joseph noted in both of her screening orders, it is not clear if Marigny is attempting to assert any *new* claims of discrimination against the VA (as opposed to saying that the *past* alleged discrimination and retaliation continue to affect her), and if so, whether Marigny has raised those new claims with the EEOC. ECF No. 4 at 3–4; ECF No. 6 at 2. In recommending that Marigny's complaint be dismissed, Magistrate Judge Joseph noted that claims premised on "the majority of the alleged acts . . . are likely time-barred." ECF No. 6 at 2. She further found that, in the amended complaint, Marigny "allege[d] no specific instances of retaliation [in 2024] that she presented to the EEOC" and accordingly had failed to administratively exhaust these claims. *Id.* at 3.

In Marigny's supplemental filings, she cites the "continuing violation doctrine" to seek "relief for acts that are time barred by linking them to act[s] that occurred within the period." ECF No. 7 at 2 (citing *Shanoff v. Ill. Dep't of Hum. Servs.*, 258 F.3d 696, 703 (7th Cir. 2001)); *see also* ECF No. 8 at 2–3 (citing same and *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002)). Seemingly to explain how this doctrine applies in her case, she provides additional detail for the allegations in her amended complaint by naming other allegedly "discriminat[ory] and adverse actions" that she experienced at other employers where she worked after leaving the VA. *See* ECF No. 7 at 1, 3, 5 (describing events in 2017–21). She alleges that these adverse actions were motivated at least in part by her prior opposition to discrimination while at the VA. *See id* at 3, 5.

In her second supplemental filing, which is dated several days after Magistrate Judge Joseph's R&R on her amended complaint, *see infra* note 1,

she states that she "has exhausted administrative remedies through [the] EEOC" and has "received a right to sue letter regarding [the] new claims mentioned in [the] ([i]nitial) [a]mended [c]omplaint of discrimination [in] 2018–2024." ECF No. 8 at 2.

4.  **ANALYSIS**

Because of its obligation to liberally construe pro se filings, *Kelsay*, 825 F. Supp. at 217, the Court accepts Marigny's supplemental filings as her objections to Magistrate Judge Joseph's R&R. Marigny has raised two specific objections to the R&R which require the Court's de novo review. 28 U.S.C. § 636(b)(1)(C). First, she has objected to Magistrate Judge Joseph's finding that she failed to allege that she exhausted her administrative remedies with respect to the most recent instances of retaliation. ECF No. 6 at 2–3. Marigny objects to this finding by asserting in a conclusory manner that she did, in fact, do so. ECF No. 8 at 2. Second, by pointing to the continuing violation doctrine, *id.* at 2–3; ECF No. 7 at 2, Marigny objects to Magistrate Judge Joseph's finding that her claims of retaliation that predate 2024 are time-barred. ECF No. 6 at 2–3.

Like Magistrate Judge Joseph, the Court understands Marigny as attempting to raise a race discrimination claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2 ("Title VII"), an age discrimination claim under the Age Discrimination in Employment Act, 29 U.S.C. § 623(a) ("ADEA"), and a claim of discrimination for participating in protected activity in violation of 42 U.S.C. § 2000e–3 and/or 29 U.S.C. § 623(d) (the "retaliation claim").

The screening standard in employment discrimination cases is lenient for pro se plaintiffs: "a plaintiff need only allege enough facts to allow for a plausible inference that the adverse action suffered was

connected to her protected characteristics." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777 (7th Cir. 2022). Title VII and ADEA retaliation claims require that Marigny ultimately show that "(1) she engaged in an activity protected by the statute; (2) she suffered an adverse employment action; and (3) there is a causal link between the protected activity and the adverse action." *Giese v. City of Kankakee*, 71 F.4th 582, 590 (7th Cir. 2023) (Title VII) (quoting *Lewis v. Wilkie*, 909 F.3d 858, 866 (7th Cir. 2018)) (internal bracketing omitted); *Horwitz v. Bd. of Educ. of Avoca Sch. Dist. No. 37*, 260 F.3d 602, 612 (7th Cir. 2001) (listing identical elements for an ADEA retaliation claim and citing *Sauzek v. Exxon Coal USA, Inc.*, 202 F.3d 913, 918 (7th Cir. 2000) and *Vanasco v. National-Louis Univ.*, 137 F.3d 962, 968 (7th Cir. 1998)).

Marigny's allegations across her amended complaint and two supplemental filings are sufficient, in the abstract, to state Title VII and ADEA discrimination and retaliation claims at the screening stage. However, these claims still are not able to proceed, as explained below.

Marigny has only sued the VA, but the gist of her allegations is that numerous other employers—who are not named as parties—have allegedly mistreated, fired, or refused to hire her since she left the VA.

Reading the complaint this way, the Court agrees with Magistrate Judge Joseph that any claims Marigny has against the VA are time-barred. When a complaint affirmatively shows that the plaintiff's claims are barred by the statute of limitations, the Court should dismiss those claims. *Thomas v. Thomas*, 1:22-cv-01893-JPH-TAB, 2022 WL 16572383, at *1 (S.D. Ind. Nov. 1, 2022) ("[C]laims should be dismissed at screening when it is clear on the face of the complaint that they are barred by statutes of limitations." (citing *Dickens v. Illinois*, 753 F. App'x 390, 392 (7th Cir. 2018))). Although Marigny's amended complaint and associated filings do not list the date of

her resignation from the VA or reference the VA or MSPB administrative adjudications, that information is judicially noticeable. *See infra* note 3. Marigny resigned from the VA in September 2012; the VA dismissed Marigny's discrimination claims and upheld her resignation as voluntary in September 2014; the MSPB similarly upheld the voluntariness of her resignation in November 2022. *See supra* Section 3, summary of prior proceedings The associated timelines for seeking judicial review of anything that occurred during Marigny's employment with the VA, or any administrative adjudication of those events, expired in December 2014[4] and January 2023. *See* 29 C.F.R. § 1614.407(a) (providing ninety days from receipt of VA decision to appeal to a district court); 5 U.S.C. § 7703(b)(2) (providing sixty days from issuance of MSPB decision to appeal to a district court).[5]

Marigny's invocation of the continuing violations doctrine does not permit her to proceed against the VA, because she has not alleged any instances of continued discrimination and retaliation *by the VA*—only by other employers who she has not named as parties in this lawsuit. A claim of unlawful retaliation for engaging in protected activity proceeds against

---

[4]Indeed, Marigny *did* appeal to the United States District Court for the Western District of Tennessee in December 2014. As noted above, that case was dismissed. *See generally Marigny*, 2016 WL 3829215.

[5]Magistrate Judge Joseph noted that Marigny had, at most, "300 days to file a charge with the EEOC following the employer's allegedly retaliatory act." ECF No. 6 at 2 (citing 42 U.S.C. § 2000e–5(e)(1) (providing the deadline under Title VII) and 29 U.S.C. § 626(d)(1) (same under the ADEA)). The VA and MSPB's decisions provide different appeal timelines, but even assuming the 300-day deadline applied, Marigny's claims against the VA would still be untimely because the deadline for filing EEOC claims based thereon started while Marigny worked at the VA in and prior to September 2012—setting the deadline for any EEOC charges in July 2013.

the employer who allegedly retaliated. *See* 42 U.S.C. § 2000e-3(a) ("It shall be an unlawful employment practice for *an employer* to discriminate . . . because [his employee] has opposed" discrimination (emphasis added)); 29 U.S.C. § 623(d) (same). Marigny's allegations against other employers therefore cannot be the basis for her to resurrect claims against the VA that are otherwise time-barred (and which have been examined and dismissed in at least four separate adjudications). Because Marigny's claims against the VA are time-barred, she cannot proceed against the VA in the present lawsuit.

Two additional reasons may make Marigny's attempt to sue the VA now and in the Eastern District of Wisconsin improper. First, as Magistrate Judge Joseph earlier noted, ECF No. 4 at 3, the lawsuit may be barred under the doctrines of issue and/or claim preclusion because of Marigny's two prior lawsuits against the VA raising materially identical claims. Second, it is unclear why the Eastern District of Wisconsin is the proper venue for this action against the VA, because the VA facility at which Marigny worked and her past two federal lawsuits were in Tennessee. *See* 28 U.S.C. § 1391(b) (providing that "[a federal] civil action may be brought in . . . a judicial district in which any defendant resides . . . [or] a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred"); ECF No. 5 at 1–2 (listing Memphis, Tennessee address for VA); ECF No. 8 at 1–2 (same). While the Court does not undergo a full claim and issue preclusion analysis, nor a venue analysis, these provide additional likely bases for why Marigny cannot proceed against the VA in the present lawsuit.

To the extent that Marigny has or is attempting to make discrimination and/or retaliation claims against any other employer where

she has worked since she left the VA, the facts giving rise to those claims arose in 2017 to 2022. Any claims against these employers are likely time-barred from judicial review even assuming that Marigny had, as she claims, administratively exhausted such claims by presenting them to the EEOC.[6] ECF No. 8 at 2. The latest date on which Marigny alleges any specific discriminatory or retaliatory act occurred is March 2022. (Though Marigny claims that the discrimination and retaliation continue to "the present," she does not allege any specific occurrences in 2023 or 2024.) Any EEOC complaint based on that act, or on a series of acts ending in March 2022, was therefore due in January 2023. 42 U.S.C. § 2000e–5(e)(1); 29 U.S.C. § 626(d)(1).

Marigny does not state when the EEOC purportedly addressed or issued her a right to sue letter on these charges, so it is not clear when her deadline to appeal to the district court started running, which precludes the Court from definitively concluding that these claims are time-barred.

---

[6] The Court parts ways with Magistrate Judge Joseph in recommending that the case be dismissed for failure to exhaust administrative remedies. It is true that "[b]efore bringing a Title VII claim, a plaintiff must first exhaust h[er] administrative remedies by filing charges with the EEOC and receiving a right to sue letter." *Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019) (citing *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992)). But "the receipt of a right-to-sue letter is not a jurisdictional prerequisite to bringing a Title VII suit," although "the lack of a right-to-sue letter may constitute a[n] [affirmative] defense to a Title VII claim" which a defendant may raise on a motion to dismiss. *Worth v. Tyer*, 276 F.3d 249, 259 (7th Cir. 2001) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398 (1982) and *Perkins v. Silverstein*, 939 F.2d 463, 471 (7th Cir. 1991)); *Makungu v. Morningside Nursing & Memory Care*, No. 3:16-CV-86-TLS, 2016 WL 2894331, at *2 n.1 (N.D. Ind. May 18, 2016) ("Although a district court may not, at the screening phase, dismiss a complaint that alleges a Title VII claim because the plaintiff failed to exhaust administrative remedies . . . a defendant may raise a plaintiff's lack of a right-to-sue letter as an affirmative defense, . . . subjecting the plaintiff's Title VII claim to possible dismissal at any time prior to the receipt of such a letter . . . ." (internal citations omitted)).

However, there is another compelling reason for dismissal of these claims. These claims must be dismissed because Marigny has not signaled any intention to sue these employers in this lawsuit: both versions of her complaint proceed against the VA and its secretary. ECF No. 1 at 1; ECF No. 5 at 1. Neither version of Marigny's complaint names any other defendants. *Id.*; ECF No. 1 at 1. Because Marigny has insisted repeatedly that she wants to sue the VA, the Court will not rewrite her complaint for her. *Mordi v. Zeigler*, 870 F.3d 703, 707 (7th Cir. 2017) ("A plaintiff is the master of [her] own complaint . . . ." (citation omitted)).[7] Instead, the Court will dismiss Marigny's Title VII and ADEA discrimination and retaliation claims, and this case, without prejudice.

5.  **CONCLUSION**

For the reasons explained herein, the Court agrees with Magistrate Judge Joseph's conclusion that this case must be dismissed without prejudice. Thus, Marigny's objections to the R&R will be overruled, and the R&R will be adopted.

Accordingly,

**IT IS ORDERED** that Plaintiff Gloria Marigny's objections to Magistrate Judge Nancy Joseph's report and recommendation, ECF Nos. 7 and 8, be and the same are hereby **OVERRULED**;

---

[7] Notably, Marigny has previously attempted to sue at least one of the employers where she worked after leaving the VA for race and age discrimination. *Marigny v. Centene Mgmt. Co. LLC*, No. 18-CV-1386-BHL, 2021 WL 2688717 (E.D. Wis. June 30, 2021), *appeal dismissed*, No. 21-2304, 2021 WL 5985038 (7th Cir. Dec. 16, 2021). It is possible that some or all of her claims of discrimination and retaliation against these employers are barred by issue and/or claim preclusion.

**IT IS FURTHER ORDERED** that Magistrate Judge Nancy Joseph's report and recommendation, ECF No. 6, be and the same is hereby **ADOPTED** for the reasons stated herein; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 23rd day of December, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

---

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.